MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
STEVE SHEVORSKI, ESQ.
Nevada Bar No. 08256
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 938- 6856
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
steven.shevorski@gtlaw.com

*Attorneys for Defendants, State of Nevada, Laura Rich, in her official capacity, Kimberly Abbot, in her official capacity, Bruce Burgess, in his official capacity, Candita Strong, in her official capacity, and Patrick Mendez, in his official capacity*

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN ROE 324337, an individual, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, a sovereign governmental entity, LAURA RICH, Director of the NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, in her official capacity, *et al.* and DOES 1-500,<br><br>Defendants. | Case No. 2:26-cv-02621-JAD-EJY<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)** |

Defendants, State of Nevada, a sovereign governmental entity, Laura Rich ("Rich"), Director of the Nevada Department of Health and Human Services, in her official capacity, Kimberly Abbot ("Abbot"), Administrator of the Nevada Division of Child and Family Services, in her official capacity, Bruce Burgess ("Burgess"), Superintendent of Caliente Youth Center, in his official capacity, Candita Strong ("Strong"), Superintendent of Nevada Youth Training Center, in her official capacity, Patrick Mendez ("Mendez"), Superintendent of Summit View Youth Center, in his official capacity (unless noted otherwise, "Defendants"), by and through

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

their counsel, Greenberg Traurig, LLP, move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court should dismiss Plaintiffs' complaint. Plaintiffs have sued the State of Nevada. The Eleventh Amendment bars their suit. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Plaintiffs' federal and state law claims fail as a matter of law for other reasons.

Plaintiffs' federal constitutional claims fail. **First**, Plaintiffs lack standing to seek declaratory and injunctive relief where there is no concrete and immediate threat that the alleged harm they allegedly suffered as minors in juvenile detention will recur as adults. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733–34 (2008) (applying *Lyons* to claims only for injunctive and declaratory relief, and conducting a single standing analysis). **Second**, Plaintiffs cannot sue these state actor Defendants in their official capacities for damages under 42 U.S.C. §1983 because they are not "persons" in their official capacities under §1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). **Third**, even if Plaintiffs had sued these Defendants in their individual capacities, their §1983 claims lack factual pleading to establish an essential element, personal participation in the deprivation of a constitutional right, given that Plaintiffs never allege that these Defendants even occupied their alleged state actor roles at the time of the allege abuse. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). **Fourth**, even if Plaintiffs had sued these Defendants in their individual capacity, these Defendants are entitled to qualified immunity, since Plaintiffs have not alleged any facts showing that the Defendants' alleged conduct violated clearly established constitutional rights of which a reasonable person would have known. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

Plaintiffs' state tort claims fail. **First**, Plaintiffs did not comply with NRS 41.031 and NRS 41.0337 where they failed to name the State, on relation of the particular department, as a party. *Craig v. Donnelly*, 439 P.3d 413 (Nev. App. 2019) and only sued Defendants in their

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

official capacities. **Second**, even if Plaintiffs had sued these Defendants as individuals, their claims would fail because no tort liability can be imposed on an employee, which these Defendants are, for the acts of other employees. *See Malloy v. Fong*, 232 P.2d 241, 254-55 (Cal. Ct. Ap. 1951); *see generally Gardner v. Henderson Water Park, LLC*, 133 Nev. 391, 393, 399 P.3d 350, 351 (2017). **Third**, Plaintiffs have not pled any facts that meet the *Iqbal* and *Twombly* standards to state a plausible state tort claim.

And lastly, none of Plaintiffs' federal and state claims are timely. Plaintiffs' federal constitutional claims and state tort claims are subject to a two (2)-year statute of limitations, except for constructive fraud that is governed by a three (3)-year statute limitations. It is apparent on the face of Plaintiffs' complaint, where Plaintiffs plead their birth date and their ages when their claims arose, that their claims are untimely. ECF No. 1, ¶69[1]. Plaintiffs urge that Defendants "should be estopped from asserting the limitations of any claims statute." *Id.* ¶75. Yet Plaintiffs had pled no facts to support estoppel as to these Defendants to render their tardy claims timely.

For these reasons, this Court should dismiss Plaintiffs' complaint with prejudice.

## II. BACKGROUND

Plaintiffs are former juvenile offenders who contend they were subject to sexual abuse while confined at state and county youth facilities. *Id.* ¶1. No Plaintiff contends that they are still juveniles or subject to confinement at state or county youth facilities. *Id.* ¶69(A)-(CR). They instead alleged they "were at all times relevant hereto minors committed to the custody of the State of Nevada, through its juvenile justice system." *Id.* ¶12. Plaintiffs concede that none are currently in custody subject to state or county confinement. *Id.* ¶56.

Plaintiffs in their complaint affirmatively plead their birth date and when they alleged sexual abuse occurred. *Id.* ¶67(A)-(HH). All reached the age of majority before August 19, 2023, except for Plaintiffs John Roe 328479 born on January 12, 2007 (*Id.* ¶67(J)), Plaintiff

---

[1] This argument does not apply to Plaintiffs John Roe 328479 born on January 12, 2007 (*Id.* ¶67(J)), Plaintiff John Roe 330387 born on July 20, 2006 (*Id.* ¶67 (W)), Plaintiff John Doe 330761 born on May 17, 2006, and Plaintiff John Roe 330769 born on March 4, 2027. *Id.* ¶67(FF).

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

John Roe 330387 born on July 20, 2006 (*Id.* ¶67 (W)), Plaintiff John Doe 330761 born on May 17, 2006, and Plaintiff John Roe 330769 born on March 4, 2027. *Id.* ¶67(FF).

They sued the Rich, Abbot, Burgess, Strong, and Mendez in their official capacities. *Id.* ¶¶16-20. Plaintiffs do not allege that these Defendants did anything wrong. *Id.* Plaintiffs simply allege that Rich, Abbot, Burgess, Strong, and Mendez are "current" office holders of state positions. *Id.* They allege Rich is Director of the Nevada Department of Health and Human Services. *Id.* ¶16. Abbot is the current Administrator of the Nevada Department of Child and Family Services. *Id.* ¶17. Burgess is the current Superintendent of Caliente Youth Center. *Id.* ¶18. Strong is Superintendent of Nevada Youth Training Center. *Id.* ¶19. Mendez is Superintendent of Summit View Youth Center. *Id.* ¶20. Plaintiffs allege that Rich, Abbot, Burgess, Strong, and Mendez "are vicariously liable for the actions of their individual employees[.]" *Id.* ¶29.

Plaintiffs have also sued the State of Nevada. *Id.* Caption. They contend that it is responsible for the funding, operation, oversight, and management of juvenile justice facilities in Nevada. *Id.* ¶15. It further contends that these juvenile justice facilities are under the control of the Department of Health and Human Services. *Id.* The correct name is the Department of Human Services. *See* NRS 232.290(1).

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

FRCP 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal is warranted where the plaintiff fails to allege facts sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). The plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a

particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Necessarily then, subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

**B. Failure to State a Claim**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed.R.Civ.P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

**IV. LEGAL ARGUMENT**

**A. Plaintiffs Lack Standing to Sue for Declaratory and Injunctive Relief**

Plaintiffs cannot sue Defendants for injunctive relief. The party "invoking federal jurisdiction, [here Plaintiffs], bears the burden of establishing [the constitutional minimum of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Three elements must be met to establish standing—the plaintiffs must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* 504 U.S. at 560–61. These elements are indispensable to a plaintiff's case and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* 504 U.S. at 561 (citations omitted).

A party has to demonstrate standing for each type of relief sought in the complaint. *Lyons*, 461 U.S. at 105; *see also Davis,* 554 U.S. at 733–34. To seek declaratory and injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Friends of Earth, Inc. v. Laidlaw*

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

*Env't Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). This requirement assures that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party[.]" *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221 (1974). When that need does not exist, allowing courts to oversee the workings of the other government branches "would significantly alter the allocation of power ... away from a democratic form of government[.]" *United States v. Richardson*, 418 U .S. 166, 188 (1974) (Powell, J., concurring).

Here, the injury in fact element is missing. Plaintiffs fail to plead any allegations that they face a sufficient articulated risk that is "real and immediate" to confer standing to seek declaratory or injunctive relief. Plaintiffs allege that they "were" minors in Nevada's juvenile justice system. ECF No. 1, ¶13. They do not allege that they currently "are" in that system, nor do they allege it would be legally possible for them to be confined in a juvenile justice facility because they have all reached the age of majority. *Id*. ¶67(A)-(HH). Even if this Court construed Plaintiffs' complaint as alleging an ongoing effect of prior sexual abuse, that would be insufficient to establish an injury in fact to seek injunctive or declaratory relief. *Lyons*, 461 U.S. at 107 n.8 ("The emotional consequences of a prior act simply are not sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant.").

**B. The Eleventh Amendment Bars Plaintiffs Claims against the State of Nevada**

The State of Nevada has generally waived sovereign immunity for state tort actions in state court. NRS § 41.031(1). To bring a tort action arising out of an action or omission with the scope of a person's public duties or employment, a plaintiff must name the State or appropriate political subdivision as a party defendant. NRS 41.0337.

It has not made a similar waiver to suit in federal court. "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well[.]" *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). With respect cases filed in *federal court*, the State of Nevada has not expressly waived its immunity from suit conferred by the Eleventh Amendment. NRS § 41.031(3). The State of Nevada cannot be sued in federal court. *See*





GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

*O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states."). Absent a waiver of Eleventh Amendment immunity, where the State of Nevada is an indispensable party (such as under NRS 41.0337), the federal court does not have supplemental jurisdiction over the state law tort claim because it does not have jurisdiction over the indispensable party-the State. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

Plaintiffs have sued the State of Nevada and Defendants in their official capacities under the federal constitution and state tort law. ECF No. 1, ¶¶15-20. They cannot do so because of the Eleventh Amendment. Plaintiffs' federal and state claims must be dismissed with prejudice.

**C. Plaintiffs' Federal Constitutional Claims Fail**

**1. State Employees in Their Official Capacity are Not "Persons" Under 42 U.S.C. §1983**

Plaintiffs have alleged 10 claims under the United States Constitution under 42 U.S.C. §1983. ECF No. 1, p. 174-192. Only Plaintiffs' first, third, fourth, fifth, sixth, and ninth claims for relief are pled against these Defendants. *Id.*[2] The Defendants have only been sued in their official capacities because they are "current" office holders of their positions. *Id.* ¶¶16-20.

/ / /

[2] Plaintiffs' third through fifth claims are pled under *Monell v. New York City Department of Social Services*, 436 U.S. 658, (1978), yet that case does not apply to these Defendants who are sued in their official capacities as part of the State of Nevada. *Monell* liability is limited "to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n. 54. Accordingly, even if Plaintiffs pled such claims against the State of Nevada, the Department, and the Defendants, those claims fail as a matter of law.





GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

42 U.S.C. §1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citation omitted).

Nothing permits the Plaintiffs to sue these Defendants in their official capacity for damages. "State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo,* 502 U.S. 21, 27 (1991). *See also Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320, 1327 (9th Cir. 1991). Necessarily then, this Court should dismiss all of Plaintiffs' federal constitutional claims against the Defendants.

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

### 2. Even if Plaintiffs had Sued Defendants in Their Individual Capacities, Defendants do Not Have Respondeat Superior Liability Under 42 U.S.C. §1983

Plaintiffs have mistakenly sued Defendants for respondeat superior for federal constitutional violations. ECF No. 1, ¶29. Nothing permits them to do so.

A state official's liability under 42 U.S.C. §1983 can only occur where the plaintiff demonstrates the state official's personal participation in the constitutional deprivation. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). There is no respondeat superior liability under section 1983. *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680-81 (9th Cir. 1984). Therefore, Plaintiffs' attempt to impose vicarious liability on Defendants for the alleged acts of others fails.

A "supervisor is only liable for constitutional violations of [their] subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There are no facts in Plaintiffs' complaint in which they allege that the Defendants occupied their current roles when the alleged abuse occurred (ECF No. 1, ¶¶16-20), let alone facts alleged that Defendants knew of the violations but did not prevent them. Any conclusory allegations merely re-state the legal

rule they seek to invoke. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, this Court should dismiss Plaintiffs' federal constitutional claims for this additional reason.

**3. Even if Plaintiffs had Sued Defendants in Their Individual Capacities, Plaintiffs' Claims are Barred by Qualified Immunity**

Qualified immunity shields state officials "from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis deleted). Our highest court has "repeatedly…stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) *(per curiam)*.

Qualified immunity questions are resolved under a two-step analysis. To determine whether an officer should receive qualified immunity, the Court considers: (A) "whether a constitutional right would have been violated on the facts alleged," and (B) "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Courts can grapple with these questions in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Clearly established means the "contours of the right" were "sufficiently clear" so that "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Existing law must place the existence of a constitutional right "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It must affirm the right "under similar circumstances." *D.C. v. Wesby*, 583 U.S. 48, 64 (2018) (citation omitted).

Here, Plaintiffs have sued these Defendants merely because they are "current" office holders with the State of Nevada. ECF No. 1, ¶¶16-20. Even if Plaintiffs had sued Defendants

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

in their individual capacities (which they did not), Plaintiffs allege nothing in the complaint that demonstrates the Defendants' personal participation in the deprivation of a constitutional right of these Plaintiffs. *Id*. Yet, there is no respondeat superior liability under section 1983. *Ybarra, supra.* Because Plaintiffs failed to allege any facts to demonstrate these Defendants personally participated in the deprivation of a constitutional right that was clearly established, Defendants are entitled to qualified immunity.

**D. Plaintiffs' State Tort Claims Fail**

**1. Failure to Comply With NRS 41.031 and NRS 41.0337**

An official capacity claim is directly against the State, not its individual officers. Such a suit "[represents] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166.

In *Craig v. Donnelly*, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as party in a state court case and held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS § 41.031 and NRS § 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims." 439 P.3d 413 (Nev. App. 2019). "Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.* at 414.

The State of Nevada does not waive its sovereign immunity. NRS § 41.031(3). The State of Nevada, and arms of the State of Nevada, cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129 (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133-34.

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

To bring a state law tort claim against state employees, Plaintiffs must bring their suit against the State of Nevada. Yet they did not name the State of Nevada as a defendant in this case and the State of Nevada does not waive sovereign immunity in federal court. Therefore, Plaintiffs cannot bring their asserted tort claims. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

**2. Sub-Agents of the State do Not Have Vicarious Liability for the Acts of Other Employees**

Plaintiffs allege state tort claims for sexual assault, sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and constructive fraud against all Defendants, including the Defendants bringing the instant motion to dismiss. But nothing in Nevada law imposes liability on state employees, such as Defendants, merely because they are employed by the State.

Plaintiffs in their complaint allege misconduct by individual officers called the "Individual State Actor Defendants." ECF No. 1, ¶¶24-28. Under Nevada state law, an employer can be vicariously responsible "only for the acts of his employees[,] not someone else." *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). Vicarious liability, or respondeat superior liability, attaches when an employee is "under the control of the employer and when the act is within the scope of employment." *Molino v. Asher*, 618 P.2d 878, 879 (Nev. 1980). Thus, under Nevada law, only the employer could potentially be liable for the conduct of the Individual State Actor Defendants.

No tort liability can be imposed on an employee, which these Defendants are, for the acts of other employees. *Gardner*, 133 Nev. at 393, 399 P.3d at 351. In *Gardner*, Nevada's Supreme Court refused to impose liability on a member of a limited liability company simply by being a member. *Id*. The same principle applies there. It is incumbent on Plaintiffs to allege conduct by the employee or sub-agent that is distinct from the employer, which here is

/ / /

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

the State of Nevada. A sub-agent like these Defendants has no vicarious liability for the acts of others, such as the Individual State Actor Defendants. *Malloy*, 232 P.2d at 254-55.

The Legislature has a defense to claims that seek to impose tort liability where intentional misconduct occurs in the workplace by an employee. NRS 41.745. By definition, it only applies to an "employer," which is defined as "any public or private employer in this State, including, without limitation, the State of Nevada, a university school for profoundly gifted pupils described in chapter 388C of NRS, any agency of this State and any political subdivision of the State." NRS 41.745(2)(b). The reason such a defense is not applied to sub-agents is patent. They do not need the Legislature to step in and provide a defense, considering that they have no liability under the common law for the acts of their fellow sub-agents. *Gardner*, supra.

Plaintiffs have not alleged facts to support the elements of any of their state tort claims for relief against the Defendants. Plaintiffs' tenth and eleventh claims for relief are sexual assault and sexual battery. "A battery is an intentional and offensive touching of a person who has not consented to the touching." *Conte v. Girard OrthopaedicSurgeons Med. Grp. Inc.*, 132 Cal. Rptr. 2d 855, 859 (Ct. App, 2003); *see also* Restatement (Second) of Torts § 21(1) (1965) (discussing the elements of assault). Plaintiffs have not alleged that any of the Defendants committed any act that meets those elements. Defendants are simply the current officers holders of various positions in State Government. ECF No. 1, ¶¶16-20.

Plaintiffs then assert claims for intentional and negligence infliction of emotional distress. To recover for intentional infliction of emotional distress, a plaintiff must show (1) that the defendant engaged in extreme and outrageous conduct; (2) that the defendant intended to cause the plaintiff emotional distress, or acted with reckless disregard as to that probability; (3) that the plaintiff suffered severe emotional distress; (4) and actual and proximate causation. *Branda v. Sanford*, 97 Nev. 643, 648, 637 P.2d 1223, 1227 (Nev. 1981). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 953 P.2d 24, 26 (1998) (citation omitted). Negligent infliction of emotional distress "can be an

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

element of the damage sustained by the negligent acts committed directly against the victim-plaintiff." *Shoen v. Amerco, Inc.*, 111 Nev. 735, 748, 896 P.2d 469, 477 (1995).

Plaintiffs have not pled facts alleging any specific act of wrongdoing by these Defendants, let alone factual allegations demonstrating extreme and outrageous behavior. This claim too deserves dismissal with prejudice.

Plaintiffs' claim for constructive fraud is meritless. Constructive fraud must be pled with particularity, like all averments of fraud. FRCP 9(b); *see also In re Daou Sys., Inc.*, 11 F.3d 1006, 1027 (9th Cir. 2005). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)) (cleaned up). Plaintiffs in their operative pleading never detail any false statement by any of these Defendants, do not state when it occurred, or explain why any unidentified statement is false. Dismissal is warranted.

And lastly, Plaintiffs' claim for negligent hiring, training, and supervision fails. A negligent-hiring claim requires a plaintiff to allege that the defendant owed the plaintiff a duty to use reasonable care in the training, supervision, and retention of its employees, and that the defendant breached that duty, thus causing the plaintiff's injuries. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393, 930 P.2d 94, 99 (1996). By definition, this claim could only be pled against an employer, and these Defendants are not that. They are merely the current office holder of various positions within state government. ECF No. 1, ¶¶16-20. Plaintiffs have also done nothing but recite the elements of this claim against all defendants and not pled any facts particular to these Defendants to establish the elements of this claim. *Compare Id.* ¶¶16-20 and ¶¶218-220. Merely reciting the elements of cause of action does not meet the *Iqbal* standard. *Iqbal*, 556 U.S. at 679.

Further, even if was appropriate to allege this claim against Defendants, then necessarily they would be protected by the same doctrine of discretionary immunity as an employer. *Paulos v. FCH1, LLC*, 136 Nev. 18, 456 P.3d 589 (2020) (en banc); *see also Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) ("This court and others have held that

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type [that] Congress intended the discretionary[-]function exception to shield.").

The Nevada Legislature immunized political subdivision of the State and their employees for discretionary functions. NRS 41.032(2) provides:

Acts or omissions of officers, employees and immune contractors.

> 1. . . . [N]o action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:
>
> . . .
>
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved was abused.

NRS 41.032.

The Nevada Supreme Court in *Martinez v. Maruszczak*, 123 Nev. 433, 445, 168 P.3d 720, 729 (2007), adopted the federal two-prong *Berkovitz-Gaubert*[3] test to determine whether an act is discretionary in Nevada, and therefore afforded NRS 41.032(2) immunity. The first element asks: "did the act in question involve an 'element of judgment or choice.'" *Martinez*, 123 Nev. at 445, 168 P.2d at 728. If the challenged conduct meets the first element, then the Court must consider the second element: "whether [the] judgment is of the kind that the discretionary-function exception was designed to shield." *Id*. at 445, 168 P.2d at 728. The focus of the second criterion is not the employee's subjective intent but is, instead, the nature of the actions taken and whether they are susceptible to policy analysis. *Id*.

In *Paulos*, supra, the Nevada Supreme Court ruled that discretionary immunity applies to negligent hiring, training, supervision, and retention claims. *Paulos*, 136 Nev. at 25-26, 456 P.3d at 595. A government employer's decision about whether to hire, how to train, and the best way to supervise juvenile detention center employees involve elements of choice that are

---

[3] *Berkovitz v. United States*, 486 U.S. 531, 536-37, 108 S. Ct. 1954 (1988).

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

reasonably subject to a policy analysis. *Paulos*, 136 Nev. at 25-36, 456 P.3d at 596. Such decisions also involve "the exercise of political, social, or economic judgment, involving 'consideration of fiscal constraints, public safety, the complexity of the task involved, the degree of harm a wayward employee might cause, and the extent to which employees have deviated from accepted norms in the past.'" *Futi v. United States*, No. 08-00403JMS/LEK, 2010 WL 2900328, at *16 (D. Haw. July 22, 2010) (citing *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997)).

Plaintiffs also never attribute any bad faith conduct to these Defendants. They instead lump all Defendants together. Their pleading practice cannot overcome *Iqbal's* pleading standard. Dismissal is warranted.

**E. Plaintiffs Federal and State Claims are Time-Barred[4]**

The Plaintiffs' federal constitutional claims pled pursuant to 42 U.S.C. Section 1983 are untimely. The applicable statute of limitations for § 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999). Nevada statute of limitations for personal injury claims is two years. *See* NRS 11.190(4)(e).

Plaintiffs filed their complaint on August 20, 2026. ECF No. 1. Federal courts also look to federal, not state, law to determine when a Section 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues—or, put differently, the statute of limitations begins to run—when "the plaintiff knows or has reason to know of the injury." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The Ninth Circuit has held "a claim accrues not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that

---

[4] This argument does not apply to Plaintiff John Roe 328479 born on January 12, 2007 (*Id.* ¶67(J)), Plaintiff John Roe 330387 born on July 20, 2006 (*Id.* ¶67 (W)), Plaintiff John Doe 330761 born on May 17, 2006, and Plaintiff John Roe 330769 born on March 4, 2027. *Id.* ¶67(FF).

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938- 6856

injury." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012). With the exception of the allegations of three (3) of the Plaintiffs, none of the Plaintiffs have filed suit for the alleged the deprivation of a constitutional right within the two (2)-year window after they reached the age of majority preceding the filing of their complaint. Their claims are time-barred.

The same analysis applies to Plaintiffs' state tort claims. The same two (2)-year statute of limitations applies to Plaintiffs' assault, battery, negligence, and emotional distress claims. *See* NRS 11.190(4)(c) and (e); *see also Russo v. Shac, LLC*, 498 P.3d 1289 *3 (Nev. App. 2021) (unpublished disposition) (limitations period for IIED is two years). The statute of limitation for claims arising from fraud is three (3) years. Nev. Rev. Stat. 11.190(3)(d). "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990).

Here, all Plaintiffs allege personal injuries stemming from allege physical or emotional abuse in juvenile detention facilities. ECF No. 1, ¶1. All plaintiffs have reached the age of majority. *Id*. ¶13 (plaintiffs "were" minors confined in the juvenile justice system). With the exception of four (4) Plaintiffs (*see* n.4 *infra*), none of the Plaintiffs, after reaching the age of majority, timely filed suit within the applicable two (2) or three (3)-year limitations period. No Plaintiff alleges that they were somehow unaware of their injuries.

Plaintiffs have affirmatively alleged that all Defendants should be estopped from raising a statute of limitations defense. *Id*. ¶75. But "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant. ..." *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999). Yet Plaintiffs have not pled any facts showing that these particular Defendants did anything wrong at all, let alone engaged in conduct that prevented Plaintiffs from suing in a timely fashion. ECF No. 1, ¶75. This Court should dismiss Plaintiffs' claims against these Defendants with prejudice.

/ / /

/ / /

## V. CONCLUSION

For these reasons, dismissal is warranted with prejudice.

DATED this 9th day of October, 2026.

**GREENBERG TRAURIG, LLP**

By: */s/ Steve Shevorski*

MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
STEVE SHEVORSKI, ESQ.
Nevada Bar No. 08256
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135

*Attorneys for Defendants, State of Nevada, Laura Rich, in her official capacity, Kimberly Abbot, in her official capacity, Bruce Burgess, in his official capacity, Candita Strong, in her official capacity, and Patrick Mendez, in his official capacity*

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

GREENBERG TRAURIG, LLP
10845 GRIFFITH PEAK DRIVE SUITE 600, LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 938-6856

## CERTIFICATE OF SERVICE

I hereby certify that on **October 9, 2026,** I caused the foregoing ***Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to FRCP 12(b)(1) and 12(b)(6)*** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

*/s/ Andrea Flintz*
An employee of GREENBERG TRAURIG, LLP